department's doctors that petitioner was capable of full duty were adopted by the hearing officer in concluding that petitioner had no excuse for failing to report on April 16 and April 20, 1977 as ordered. In assessing the penalty to be imposed, the hearing officer utilized petitioner's history as to sick leave for the brief period January 8, 1977 to April 20, 1977. This was done in the context of petitioner's allegations of back injuries commencing November 23, 1975. On the basis of this limited review (patently not a review of petitioner's entire medical history while a member of the fire department), it was concluded that petitioner "engaged in a pattern of calling in sick after being ordered to return to light or full duty and has taken unfair advantage of the Department's liberal sick leave policy." On the basis of this limited review, characterized as disclosing a "bad medical history," dismissal of petitioner was recommended. Scrutiny of the record impels the conclusion that the record is sufficient for this court in its review to assess the permissible measure of punishment. There is no issue here of corruption or moral turpitude. Petitioner's record while a member of the fire department is relevant to a consideration of the penalty to be imposed, but cannot be characterized, under the circumstances herein, as partaking of that degree of unsatisfactory performance which might warrant dismissal (cf. *Matter of La Rosa v Police Dept. of City of N. Y.*, 55 AD2d 890). Therefore, we conclude on this record that the appropriate penalty to be imposed is suspension for a period of one year. Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.

■ In the Matter of the Accounting of GLADYS I. MILLER et al., Under a Trust Made by ALVIN E. IVIE. ALVIN I. KROPFF, Appellant; GLADYS H. BOYNTON et al., Respondents.—Order, Supreme Court, New York County, entered on September 29, 1976, so far as appealed from, unanimously affirmed on the report of the Referee, as confirmed by Saypol, J., with $60 costs and disbursements of this appeal to each party appearing separately and filing separate briefs, payable out of the trust. Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.

■ In the Matter of the Accounting of GLADYS I. MILLER et al., Under an Agreement Made by ALVIN E. IVIE. FRANK I. ABBOTT et al., Appellants; GLADYS H. BOYNTON et al., Respondents.—Order, Supreme Court, New York County, entered on September 29, 1976, so far as appealed from, unanimously affirmed on the report of the Referee, as confirmed by Saypol, J., with $60 costs and disbursements of this appeal to each party appearing separately and filing separate briefs, payable out of the trust. Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.

■ In the Matter of JEROME S. BERNSTEIN et al., Appellants, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered on April 20, 1977, unanimously affirmed for the reasons stated by Evans, J., without costs and without disbursements. Concur—Lupiano, J. P., Birns, Silverman and Lane, JJ.

■ CITY OF NEW YORK, Appellant, v GEORGE P. BAKER et al., Respondents.—Order and judgment, Supreme Court, New York County, Special Term, entered March 18 and 25, 1975, respectively, confirming a referee's determination that without prior leave of the reorganization court the Supreme Court of New York County lacked jurisdiction to entertain claims brought against trustees of a railroad in reorganization, affirmed, without costs and without disbursements. The bulk of the claims being pressed against the trustees are allegedly attributable to breaches of lease agree-